```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA

                                                    13 Cr. 724 (RWS)
     - against -
                                                       OPINION

AUSTIN ROMAIN;

                 Defendant.

------------------------------------------X


A P P E A R A N C E S:

         Attorneys for the Government

         PREET BHARARA
         United States Attorney for the
         Southern District of New York
         One St. Andrew's Plaza
         New York, New York  10007
         By:  Russell Capone, Esq.

         Attorney for Defendant AUSTIN ROMAIN

         RYAN G. BLANCH
         261 Madison Avenue, 12th Floor
         New York, NY 10016
         By:  Ryan G. Branch, Esq.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-11-14

**Sweet, D.J.**

Defendant Austin Romain ("Defendant" or "Romain") has made nine motions in limine for pre-trial relief in advance of trial, currently scheduled for November 3, 2013.

For the reasons set forth below, Defendant's motion is denied in its entirety.

**Procedural History & Facts**

The underlying criminal Complaint, filed June 14, 2013, arises out of Romain's actions while serving as a Corrections Officer at Riker's Island, in which capacity he allegedly smuggled marijuana into the jail for inmates to redistribute. The Defendant purportedly would either provide his own marijuana or obtain marijuana from wives or girlfriends of the inmates he was supplying, who would then compensate the Defendant by either paying him in cash or wire transferring money to the Defendant's alias, "Steve Smith." (Compl. ¶ 12.)

According to the Complaint, a confidential source ("CS-1") explained how he used the Defendant to smuggle large quantities of marijuana into Riker's Island for redistribution.

1

(Compl. ¶¶ 13-16.)  Romain allegedly obtained the marijuana on his own, and the CS-1's girlfriend (the "Girlfriend") paid him. Between March 2012 and March 2013, the Girlfriend sent more than 20 Western Union wires to "Steve Smith," typically between $200 and $500. (Compl. ¶ 16(b).)  Western Union surveillance footage purportedly demonstrates that the Defendant is "Steve Smith."

Defendant was arrested and charged on June 14, 2013. On September 18, 2013, an Indictment was returned by a grand jury in this district, charging the Defendant in two counts: Count One of the Indictment charges the Defendant with conspiring to redistribute and possess with intent to distribute less than 50 kilograms of marijuana in violation of Title 21, United States Code, Section 846.  Count Two of the Indictment charges the Defendant with distributing and possessing with intent to distribute less than 50 kilograms of marijuana, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).

On February 26, 2014, the Defendant filed the nine motions at issue.  These motions were heard and marked fully submitted on April 9, 2014.

The disposition of these motions follows.

2

**The Defendant's Request for a Bill of Particulars is Denied**

Defendant seeks a bill of particulars pursuant to Fed. R. Crim. P. 7(f) both as to (1) the timeframe of the alleged offense and (2) to inform the Defendant of the scope of the conspiracy, the individuals involved in the conspiracy, and when each co-conspirator became involved in the alleged conspiracy.

Rule 7(f) allows a defendant to seek a bill of particulars in order to "identify with sufficient clarity the nature of the charges pending against him." *Unite States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir. 1989). In conspiracy cases, the Government is not required to indicate how or when the conspiracy was formed or how or when the defendants joined the conspiracy. *See United States v. Matos-Peralta*, 691 F. Supp. 780, 791 (S.D.N.Y. 1988).

Further, no bill of particulars is required if the information sought by the defendant is provided in the indictment or some other acceptable form. *Bortnovsky*, 820 F.2d

3

at 574.

The 17-page, single-spaced Complaint details Defendant's activities in smuggling contraband into Rikers, the Defendant's role in obtaining marijuana, how he supplied it to inmates, how he was paid, and certain of his co-conspirators and their roles, among other details, and includes the dates of the alleged conspiracy. Defendant's dispute as to these dates is insufficient to warrant a bill of particulars.

Because the Complaint meets the relevant standard and because the information sought is already provided in an appropriate form, Defendant's request is denied.

**The Defendant's Request for a Pre-Trial Hearing Regarding Co-Conspirator Statements is Denied**

The Defendant next requests that the Court conduct a pre-trial hearing to determine whether a conspiracy involving the Defendant existed and whether co-conspirator statements in furtherance of that conspiracy should be admitted pursuant to Fed. R. Evid. 802(d)(2)(E).

The Second Circuit has made clear that "statements proffered as co-conspirator statements may be admitted in

4

evidence on a conditional basis, subject to the later submission of the necessary evidence" establishing that a conspiracy involving the defendant existed. *United States v. Tracy*, 12 F.3d 1186, 1199 (2d Cir. 1993) (citing *United States v. Geaney*, 417 F.2d 116, 1120 (2d Cir. 1969)); *see also United States v. Miller*, No. 12 Cr. 368 (PAC), 212 WL 4791992, at *4 (S.D.N.Y> Oct. 9, 2012) (denying motion for a pre-trial hearing and noting that "[i]n the Second Circuit, district courts 'routinely admit[] coconspirator statements into evidence in the presence of the jury on a conditional basis, subject to the later submission of the necessary evidence. . . .'") (quoting *United States v. Saneaux*, 365 F. Supp. 2d 488, 490 (S.D.N.Y. 2005)).

Defense counsel does not dispute this precedent other than to assert that in this case, such an approach would be "an invitation to disaster and an enormous waste of time." (Defense Memorandum on Admissibility of Alleged Co-Conspirator Statements; "Def. Mem."; at 2.) Here the conspiracy at issue is not complex and the Defendant has not overcome established precedent. Defendant's motion for a hearing with respect to the conspiracy is denied.

**Defendant's Requests for Orders Governing Various Pre-Trial Disclosures is Denied**

Finally, Defendant requests that the Court enter various orders governing the pre-trial disclosure of certain materials, specifically: (1) an order that the Government produce material pursuant to 5th, 6th, and 14th Amendments to the United States Constitution and the Jencks Act, 18 U.S.C. § 3500, as well as its witness list, 30 days before trial; (2) an order that the Government produce any evidence of prior crimes or bad acts it will seek to introduce at trial pursuant to Federal Rule of Evidence 404(b); (3) an order directing the Government to provide written notice of any opinion or reputation evidence under Fed. R. Evid. 608 and 609 that the Government intends to present at trial; (4) an order directing the Government to provide written notice of all evidence subject to disclosure under Fed. R. Crim. P. 16 that the Government "contemplates" using at trial in its case in chief; (5) an order directing the Government to identify, 30 days prior to trial, what recorded phone calls it intends to use in its case in chief; and (6) an order directing the Government to disclose, 30 days before trial, the existence, substance, and manner of execution of any promises of immunity, leniency or preferred treatment.

The Government has stated that it will honor its obligations to make these various productions and disclosures

6

either at a reasonable time in advance of trial, currently set for November 3, 2014, or within any applicable guidelines.

First, with respect to the Jencks Act material, 18 U.S.C. § 3500 *et. seq.*, the Government is not required to produce prior statements of its witnesses until *after* each has testified on direct examination. 18 U.S.C. § 3500 provides in relevant part,

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

*Id.* The Second Circuit has interpreted this statute to "prohibit[] District Court[s] from ordering the pre-trial disclosure of witness statements." *United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001).

In any event, the Government, in accordance with common practice, will provide all such materials on the Friday before the start of trial. Such notice is sufficient under the applicable law.

Second, Rule 404(b) sets no minimum requirement, and states only that the Government provide "reasonable notice in advance of trial or during trial if the court excuses pre-trial notice on good cause shown." Rule 404(b). Here, the Government states that it has not yet determined what 404(b) evidence it may seek, given the November trial date, but that it will provide notice of 404(b) evidence with sufficient time for the Defendant to make any necessary motions.

Third, the only notice requirements imposed by Rules 608 or 609 apply when a party seeks to introduce evidence of a conviction that is more than ten years old; absent such evidence, the rules do not require disclosure of impeachment materials. *See United States v. Livoti*, 8 F. Supp. 2d 246, 250 (S.D.N.Y. 1998).

This motion is also premature. Rules 608 and 609 relate to a witness's character for truthfulness or untruthfulness. The Government cannot yet know what witnesses, if any, the Defendant intends to call, and as such cannot now have evidence as to the untruthfulness of these potential witnesses' characters. Further, the Government can only put in evidence about its own witnesses' character for truthfulness if and when whose witnesses' character has been attacked. Fed. R.

8

Evid. 608(a). Until such an attack has happened, the Government does not intend to introduce any such evidence. Defendant's request is thus also denied as premature.

Fourth, the Government has already provided Defendant with evidence that it intends to introduce at trial, and is not required to submit a narrower exhibit list at this time. *See United States v. Valerio*, 737 F. Supp. 844, 847 (S.D.N.Y. 1990) (denying request for list of exhibits as beyond the scope of Rule 16).

Fifth, the Government has stated that it will seek to introduce only approximately ten to fifteen of the phone calls at issue, and that it will provide to the Defendant which of the calls it intends to use two to three weeks prior to trial. This time frame is sufficient and reasonable.

Finally, 18 U.S.C. § 3500 and *United States v. Giglio*, 405 U.S. 150 (1972) do not require disclosure of the existence and substance of promises of immunity, leniency or preferred treatment until the Friday before trial. The Government has stated its intention to comply with this timeline.

9

**Conclusion**

The in limine motions of the Defendant are denied for the reasons set forth above. ~~The action will be tried~~ *Trial is set for* on November 3, 2014.

It is so ordered.

**New York, NY**
**April 10, 2014**

_____
ROBERT W. SWEET

10