UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES OF AMERICA,

        -against-

13 Cr. 724-1 (RWS)

SENTENCING
OPINION

AUSTIN ROMAIN,

        Defendant.

-----------------------------------------X

**Sweet, D.J.**

On November 12, 2014, Austin Romain ("Romain" or the "Defendant") was convicted of distributing and possessing with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(b)(1)(D); soliciting bribes, in violation of 18 U.S.C. § 666(a)(1)(B); and wire fraud, in violation of 18 U.S.C. §§ 1343. For the reasons set forth below, Romain will be sentenced to 41 months' imprisonment, followed by three years' supervised release, subject to the scheduled sentencing hearing on October 13, 2015. Romain is also required to pay a special assessment of $300.

**Prior Proceedings**

Defendant was named in a four-count superseding indictment (the "Indictment") filed in the Southern District of



New York on September 29, 2014. The first count charged that from March 2012 to June 2013, in the Southern District of New York and elsewhere, Romain and others conspired to distribute and possess with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(b)(1)(D). ("Count 1") The second count charged that on April 18, 2013, in the Southern District of New York, Romain distributed and possessed with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(b)(1)(D). ("Count 2") The third count charged that from March 2012 to June 2013, in the Southern District of New York and elsewhere, Romain, a correction officer at a New York City jail, solicited money to permit and facilitate the smuggling of contraband, including marijuana and tobacco, into that jail, in violation of 18 U.S.C. § 666(a)(1)(B). ("Count 3") The fourth count charged that from March 2012 to June 2013, in the Southern District of New York and elsewhere, Romain sent and received interstate communications, including text messages and phone calls, on various occasions, and caused interstate communications, including wire transfers, to be made to him on various occasions, for the purpose of depriving the City of New York of its intangible right to his honest services as a correction officer, by soliciting money to permit and facilitate the smuggling of contraband, including marijuana and tobacco, into the jail. ("Count 4")

The Indictment further indicated that as a result of committing the controlled substance offenses charged in Counts 1 and 2, Romain shall forfeit to the United States any property constituting or derived from proceeds of the offense and any property used or intended to be used to commit or facilitate it. If any of the property subject to forfeiture cannot be located upon the exercise of due diligence, has been transferred to a third party, has been placed beyond the Court's jurisdiction, has been substantially diminished in value, or has been commingled with other property, it is the intention of the Government to seek forfeiture of any other property of Defendant up to the value of the forfeitable property. See 21 U.S.C. § 853.

On December 12, 2014, Romain was convicted by a jury of Counts 1, 3, and 4, but acquitted of Count 2. He is scheduled to be sentenced on October 13, 2015.

## The Sentencing Framework

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d

Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not.  See Crosby, 397 F.3d at 114-15.

## The Defendant

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

## The Offense Conduct

The Court adopts the facts set forth in the PSR with respect to the offense conduct.  These facts are summarized, in brief form, below.

Romain served as a corrections officer on Rikers Island.  He struck a bargain with an inmate whereby he would obtain marijuana outside the prison, package it, and sneak it into the prison so that his inmate could resell it. In exchange, the inmate's girlfriend wired money to Romain under the alias "Steve Smith."  In total, Romain obtained more than $11,000 in

this manner, using phone calls and text messages to coordinate the exchanges. After being paid, Romain would obtain the marijuana, package it in the fingers of latex gloves, and smuggle it into Rikers. After being transferred to a different facility on Rikers, he struck a similar deal with two other inmates, John Davis and Ivan Martinez, with their girlfriends wiring him money. He is believed to have received approximately $2,200 under this latter arrangement. The government estimates that he received a total of between $10,000 and $30,000 in bribes.

## The Relevant Statutory Provisions

The maximum term of imprisonment for Count 1 is 5 years. 21 U.S.C. §§ 841(b)(1)(D), 846. The Court must impose a term of supervised release of at least two years. 21 U.S.C. § 841(b)(1)(D). The maximum fine is $250,000. Id.

The maximum term of imprisonment for Count 3 is 10 years. 18 U.S.C. § 666(a). The Court may impose a term of supervised release of up to three years. 18 U.S.C. § 3583(b)(2). The maximum fine is $250,000. 18 U.S.C. § 3571(b).

The maximum term of imprisonment for Count 4 is 20
years. 18 U.S.C. § 1343. The Court may impose a term of
supervised release of up to three years. 18 U.S.C. §
3583(b)(2). The maximum fine is $250,000. 18 U.S.C. § 3571(b).

Defendant is eligible for between one and five years
of probation on each count. 18 U.S.C. 3561(c)(1).

A special assessment of $100 is mandatory for each
count pursuant to 18 U.S.C. § 3013(a)(2).

## The Guidelines

The November 1, 2014 edition of the United States
Sentencing Commission Guidelines Manual has been used in this
case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.[1]

Counts 1, 3, and 4 are grouped for guideline
calculation purposes, since they are part of the same act or
transaction. U.S.S.G. § 3D1.2(a).

---

[1] The Defendant has argued that he should be sentenced according to the
November 2015 edition of the Guidelines Manual, which would result in a lower
guidelines range. Since Romain's sentence of 41 months would be within the
guidelines range under either manual, the issue is moot.

The guideline for 18 U.S.C. § 666(a)(1)(B) offenses is found in U.S.S.G. § 2C1.1. Since Romain was a public official, the base offense level is 14. See U.S.S.G. § 2C1.1(a)(1). Since the offense involved more than one bribe or extortion, the offense level is increased by two. U.S.S.G. § 2C1.1(b)(1). Because the value of the bribery payments was more than $10,000 but less than $30,000, the base offense level is increased by four. See U.S.S.G. §§ 3C1.1(b)(2); 2B1.1(b)(1)(C). And because Romain was an organizer, leader, manager, or supervisor in the criminal activity, the offense level is increased by two. U.S.S.G. § 3B1.1(c). These adjustments result in an offense level of 22.

Romain has no previous criminal convictions, resulting in a criminal history score of zero and a criminal history category of I. U.S.S.G. Chapter 5, Part A. Based on a total offense level of 22 and a criminal history category of I, the guideline range of imprisonment is 41-51 months. Id.

The guideline range for a term of supervised release is two to three years for Count 1, U.S.S.G. § 5D1.2 (a)(2) & (c), one to three years for Count 3, U.S.S.G. § 5D1.2 (a)(2), and one to three years for Count 4. Id.

Defendant is not eligible for probation because his applicable guideline range falls in Zone D of the Sentencing Table in Chapter Five of the guidelines. U.S.S.G. § 5B1.1, application note 2.

The fine range for this offense is $7,500 to $75,000. U.S.S.G. § 5E1.2. Costs of prosecution shall be imposed on the Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2014, provides a daily cost of $80.25, a monthly cost of $2,440.97, and an annual cost of $29,261.62 for imprisonment.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified

in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted.

Romain was placed in a position of power and authority at Rikers Island, but chose to abuse that position for his own gain. In doing so, he undermined respect for the system that he represented, while contributing to the state of disorder that has troubled courts, prisoners, families, corrections officers, policymakers, staff, and all those concerned with Rikers Island. While Romain has been an upstanding member of the community prior to this offense, a significant sentence is necessary in order to deter other corrections officers and staff members from following his example.

**The Sentence**

For the instant offense, Romain shall be sentenced to 41 months' imprisonment on Counts 1, 3, and 4, to run concurrently, to be followed by three years of supervised release on each count, also running concurrently. Defendant shall be fined $7,500, to be paid in monthly installments of 10% of gross monthly income over a period of supervision to commence 30 days after his release.

As mandatory conditions of his supervised release, Defendant shall:

(1)  Not commit another federal, state, or local crime.

(2)  Not illegally possess a controlled substance.

(3)  Not possess a firearm or destructive device.

(4)  Cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1)  Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

(2)  Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at

a reasonable time and in a reasonable manner.   Failure
to submit to a search may be grounds for revocation.
Defendant shall inform any other residents that the
premises may be subject to search pursuant to this
condition.

(3)   Defendant shall provide the probation officer with
access to any requested financial information.

(4)   Defendant is to report to the nearest Probation Office
within 72 hours of release from custody.

(5)   Defendant is to be supervised by the district of
residence.

It is further ordered that Defendant shall pay to the

United States a special assessment of $300, which shall be due

immediately.

Defendant shall forfeit his interest in any property

constituting proceeds from Count 1 to the United States.   See

Fed. R. Crim. P. 32.2; 18 U.S.C. § 1963(a).

Defendant shall voluntarily surrender himself prior to

the beginning of his term of imprisonment.

It is so ordered.

New York, NY
October  9, 2015

ROBERT W. SWEET
U.S.D.J.